UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TINA CARISSIMO, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * Civil Action No. 19-cv-12405-ADB |
| MARRIOTT INTERNATIONAL, INC., | * |
| THYSSENKRUPP ELEVATOR | * |
| CORPORATION, and EDWARD ROCCO, | * |
| | * |
| Defendants. | * |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS**

BURROUGHS, D.J.

On September 16, 2019, Plaintiff Tina Carissimo ("Plaintiff") filed a complaint in Suffolk Superior Court alleging negligence against Marriott International, Inc. ("Marriott") and ThyssenKrupp Elevator Corporation. [ECF No. 1-3 at 2]. On October 15, 2019, Plaintiff amended her complaint, adding a negligence claim against Edward Rocco ("Rocco"). [Id. at 7–10 ("Am. Compl.")]. Marriott removed the action to federal court on November 25, 2019. [ECF No. 1]. Currently before the Court is Rocco's Motion to Dismiss for failure to state a claim and insufficient service of process. [ECF No. 16]. For the reasons set forth below, Rocco's motion to dismiss, [ECF No. 16], is GRANTED in part and DENIED in part.

**I.     BACKGROUND**

On October 9, 2016, Plaintiff's left foot was caught in an escalator at the Boston Marriott Long Wharf Hotel (the "Hotel") resulting in a broken ankle. [Am. Compl. ¶¶ 10–13]. In her amended complaint, Plaintiff alleges that Rocco, as general manager of the Hotel, owed Plaintiff, who was "lawfully present on the Hotel grounds," a duty of reasonable care from "the known dangers created by the escalators." [Id. ¶¶ 8, 26]. Plaintiff claims Rocco breached this duty by

negligently overseeing the escalator "despite the known dangers" and, alternatively, by failing "to make himself aware of the dangerous condition of the escalator[]. . . ." [Id. ¶¶ 27–28]. Lastly, Plaintiff claims her injury was "a direct and proximate result" of Rocco's alleged negligence. [Id. ¶ 29].

In his motion to dismiss, filed on December 16, 2019, Rocco cited improper service under Federal Rule of Civil Procedure 12(b)(5) and failure to state a claim under Rule 12(b)(6) as grounds for dismissal. [ECF No. 16 at 1]. Plaintiff filed an opposition to the motion, [ECF No. 20], and Rocco replied, [ECF No. 23].

## II. DISCUSSION

### A. Failure to State a Claim

#### 1. Legal Standard

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded facts as true, analyze those facts in the light most favorable to the plaintiff, and draw all reasonable factual inferences in favor of the plaintiff. See Gilbert v. City of Chicopee, 915 F.3d 74, 80 (1st Cir. 2019). "[D]etailed factual allegations" are not required, but the complaint must set forth "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and must contain "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory," Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (internal quotations omitted) (citing Centro Médico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005)). The alleged facts must be sufficient to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

"To cross the plausibility threshold a claim does not need to be probable, but it must give rise to more than a mere possibility of liability." Grajales v. P.R. Ports Auth., 682 F.3d 40, 44–45

(1st Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A determination of plausibility is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. at 44 (quoting Iqbal, 556 U.S. at 679). When reviewing a motion to dismiss, the Court may consider documents outside of the pleadings, "'the authenticity of which are not disputed by the parties,' making narrow exceptions to the general rule 'for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint.'" Álvarez-Maurás v. Banco Popular of P.R., 919 F.3d 617, 622–23 (1st Cir. 2019) (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)).

      2.     <u>Analysis</u>

Plaintiff alleges that Rocco owed a duty of care to protect her from the dangers of the escalator based on her lawful presence at the hotel and Rocco's role as general manager. [Am. Compl. ¶ 26]. Rocco seeks dismissal on the grounds that he "does not owe the Plaintiff a duty" because Plaintiff "fails to provide any facts of active negligent conduct and merely attempts to hold Mr. Rocco liable because he is the general manager." [ECF No. 17 at 8].

For a defendant to be liable for negligent conduct, he "must have failed to discharge a duty of care owed to the plaintiff, harm must have been reasonably foreseeable, and the breach or negligence must have been the proximate or legal cause of the plaintiff's injury." Christopher v. Father's Huddle Cafe, Inc., 782 N.E.2d 517, 523 (Mass. App. Ct. 2003). "A duty to act with reasonable care to prevent harm to a plaintiff which, if violated, may give rise to tort liability is based on a 'special relationship' between the plaintiff and the defendant." Irwin v. Town of Ware, 467 N.E.2d 1292, 1300 (Mass. 1984) (citing William L. Prosser, Torts § 56 (4th ed. 1971)). The primary consideration in determining the existence of a special relationship and duty of care is "whether a defendant reasonably could foresee that he would be expected to take

affirmative action to protect the plaintiff and could anticipate harm to the plaintiff from failure to do so." Id.

Rocco argues that "[t]here must . . . be evidence that the individual employee or executive officer" named as a defendant in a tort claim "participated in the acts that caused the plaintiff's injury." [ECF No. 17 at 6]. In support of this contention, Rocco cites Libby v. Park, Marion & Vernon Streets Operating Co., in which a plaintiff sought to amend a complaint to add the director of nursing at an assisted living facility as a defendant on a negligence claim. 278 F. Supp. 3d 501, 505 (D. Mass. 2017). Aside from naming the defendant and providing her title, however, the plaintiff failed to mention the director of nursing or otherwise allege specific acts of misfeasance or nonfeasance to support a claim against her. Id. at 503 ("In the [Second Amended Complaint ("SAC")], plaintiff alleges that [defendant], who resides in Massachusetts, 'was the Director of Nursing at Brookline Health Care Center at the time at issue[.]' This is the only express reference to [defendant] in the SAC." (internal citation omitted)). The court rejected the amended complaint, ruling that the plaintiff failed to plead any facts that tied the director of nursing to the incident and that, standing alone, her "status as the [d]irector of [n]ursing is not sufficient to establish her liability." Id. at 505.

Here, Plaintiff has done more than simply name Rocco as general manager of the Hotel. [Am. Compl. ¶ 26]. Plaintiff alleges Rocco, in his capacity as general manager, "owed a duty of reasonable care. . . . including reasonably protecting the safety of patrons from the known dangers created by the escalators" and, moreover, that he breached that duty when he "negligently oversaw the Hotel's operations," or, alternatively, when he "failed to make himself aware of the dangerous condition of the escalators . . . ." [Id. ¶ 28]. Rocco's argument that there must be evidence that he participated in the act overstates the Plaintiff's burden at the motion to

4

dismiss stage. Plaintiff must only state a claim that "give[s] rise to more than a mere possibility of liability," which the amended complaint accomplishes. Grajales, 682F.3d at 44–45 (citing Iqbal, 556 U.S. at 678).

Additionally, Rocco relies on several cases in which courts granted summary judgment after determining that a plaintiff had failed to establish that a defendant violated a duty of care. For example, in Addis v. Steele, plaintiffs were forced to jump from an inn's second story window to escape a fire because the building lacked emergency lights and access to exits. 648 N.E.2d 773, 777 (Mass. App. Ct. 1995); see [ECF No. 17 at 6]. At summary judgment, the court found that the corporate officers of the inn were not negligent because there was no evidence that their actions led to the lack of lights or access to exits. Addis, 648 N.E.2d at 777. Because that case was not decided at the motion to dismiss stage, however, plaintiffs had the opportunity, through discovery, to establish liability based on a duty of care. See id. Similarly, other cases resolved by summary judgment or a directed verdict demonstrate the benefit of allowing a plaintiff to proceed through discovery to determine the precise scope of a defendant's duty in connection with the plaintiff's alleged injuries. See, e.g., Lyon v. Morphew, 678 N.E.2d 1306, 1309 (Mass. 1997) (finding that a chief operating officer's role as general supervisor of an engineering department was insufficient to establish that he owed a duty of care to the plaintiff contractor who fell off the company's roof); Leavitt v. Glick Realty Corp., 285 N.E.2d 786, 788 (Mass. 1972) (finding that an owner, treasurer, and clerk were not liable for contractor's negligent electrical work because there was no evidence they had knowledge of faulty wiring); Tibbetts v. Wentworth, 143 N.E. 349, 350 (Mass. 1924) (stating that there was no evidence showing that the defendant knew that elevator repairs were not carried out after he gave directions for repair).

At the motion to dismiss stage, Plaintiff need only "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  Here, Plaintiff has plausibly alleged that, as the general manager of a hotel, Rocco was responsible for overseeing the safety of that hotel's escalators. Discovery will allow the parties to determine the full scope of Rocco's duties as general manager, whether those duties included oversight for escalator maintenance and repair, and whether he failed to fulfill any such duties.  Accordingly, Rocco's motion to dismiss for failure to state a claim, [ECF No. 16], is DENIED.

### B.     Insufficient Service

#### 1.     Legal Standard

When sufficiency of process is challenged under Rule 12(b)(5), a plaintiff bears the burden of proving proper service.  Cichocki v. Mass. Bay Cmty. Coll., 174 F. Supp. 3d 572, 575 (D. Mass. 2016) (quoting Aly v. Mohegan Council-Boy Scouts of Am., No. 08-cv-40099, 2009 WL 3299951, at *1 (D. Mass. Apr. 20, 2009)).  "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of process must be satisfied."  Id.  "[S]tate law governs the service of process prior to removal to the district court." Osborne v. Sandoz Nutrition Corp., No. 95-cv-01278, 1995 WL 597215, at *1 (1st Cir. Oct. 6, 1995) (citing Fed. R. Civ. P. 81(c)).  If a defendant is not subject to the state court's jurisdiction prior to removal, for the federal court to obtain personal jurisdiction, the defendant must be served with process in accordance with Federal Rule of Civil Procedure 4.  See Danastorg v. U.S. Bank Nat'l Ass'n, No. 15-cv-11512, 2016 WL 7851407, at *2 (D. Mass. May 3, 2016) (citing Echevarria-Gonzalez v. Gonzalez-Chapel, 849 F.2d 24, 28 (1st Cir. 1988)).  The fact that a defendant has actual notice of the lawsuit is insufficient to establish personal jurisdiction.  Id.

2.        Analysis

Because "state law governs the service of process prior to removal to the district court," Osborne, 1995 WL 597215, at *1, and Rocco is a resident of New Hampshire, Plaintiff was required to follow Massachusetts Rule of Civil Procedure 4(e), which provides guidelines for serving out-of-state parties.  See Mass. R. Civ. P. 4(e); [ECF No. 17-3 ¶ 5 ("Rocco Aff.") (stating that Rocco is a resident of New Hampshire)].  Under Massachusetts Rule 4(e), service of a copy of a summons and complaint may be accomplished, among other methods, "by any form of mail addressed to the person to be served and requiring a signed receipt."  Mass. R. Civ. P. 4(e); Mass. Gen. Laws ch. 223A, § 6.  "When service is made by mail, proof of service shall include a receipt signed by the addressee or other evidence of personal delivery to the addressee satisfactory to the court."  Mass. R. Civ. P. 4(f); Mass. Gen. Laws ch. 223A, § 6.

Prior to removal, on November 4, 2019, Plaintiff addressed a copy of the summons and amended complaint to Rocco and mailed them to the Hotel.  [Rocco Aff. ¶¶ 8–9; ECF No. 1-3 at 6].  A Hotel employee at the front desk received the documents.  [Rocco Aff. ¶¶ 8, 11].  Rocco did not personally sign for the documents, [id. ¶ 10], nor does he know which Hotel employee at the front desk received the documents, [id. ¶¶ 6–8, 11–12].  In addition, Rocco seems unsure as to whether a signature was required or provided when the summons and complaint were delivered, [id. ¶¶ 8, 11, 12], and Plaintiff has not elaborated or provided a receipt, [ECF No. 20 at 2–3; ECF No. 17 at 1; Rocco Aff. ¶ 12].

Although service "by any form of mail addressed to the person to be served and requiring a signed receipt" can meet the requirements of Massachusetts Rule 4(e), in these circumstances—where Rocco is unaware of who signed for the mail that was sent to the Hotel and Plaintiff has failed to provide a receipt demonstrating who signed for the mailing or to

establish that Rocco had authorized anyone at the Hotel to sign for mail on his behalf—service was improper. See Mass. R. Civ. P. 4(e). Compare Brown v. Gascard Club., Inc., No. 86-cv-01311, 1986 WL 13076, at *1 (D. Mass. Nov. 4, 1986) ("[T]he receipt filed with the return of service was signed by a person whose relationship to defendant or authority is unknown. Absent some evidence of delivery to defendant, this service is insufficient."), with United States v. Ayer, 857 F.2d 881, 887 (1st Cir. 1988) (service proper where front desk clerk at defendant's apartment building signed for summons and complaint because clerk received all mail for residents and plaintiff acquiesced in the practice).[1]

After an action has been removed from state court, federal courts apply the Federal Rules of Civil Procedure. Fed. R. Civ. P. 81(c). Here, because Rocco was added to the amended complaint on October 11, 2019, Plaintiff had ninety days—until January 9, 2019—to effect proper service. [Am. Compl. ¶¶ 25–29]; Fed. R. Civ. P. 4(m). Rocco advised Plaintiff that he was not properly served in the Notice of Removal on November 25, 2019, [ECF No. 1-4 at 2], and in his memorandum in support of his motion to dismiss, which was filed on December 16, 2019 and included Rocco's home address in New Hampshire, [ECF No. 17 at 5]. See also [Rocco Aff. ¶¶ 5–12]. In her opposition, Plaintiff does not refute that service was improper, but instead argues that she had until January 9, 2020 to perfect service. [ECF No. 21-1 at 2]. Despite Rocco's warnings and Plaintiff's stated intentions, the docket reflects that Plaintiff failed to perfect service by January 9, 2020, the deadline for service under both Massachusetts Rule 4(j) and Federal Rule 4(m). See Mass R. Civ. P. 4(j); Fed R. Civ. P. 4(m).

---

[1] Though "[f]ailure to make proof of service does not affect the validity of the service," the issue in this case is not whether Plaintiff failed to make proof of service, but rather whether that service was improper. See Mass. R. Civ. P. 4(f).

Both the Massachusetts and Federal rules require a plaintiff to show good cause for failure to effect service within ninety days. See Mass R. Civ. P. 4(j); Fed R. Civ. P. 4(m). The good cause standard is ordinarily met only where the failure to make service is "due to causes over which the moving party had no direct control," Brunelle v. Blaise, No. 2004-00920, 2004 WL 2746313, at *5 (Mass. Super. Ct. Nov. 29, 2004), for example where a defendant evades service, see Kennedy v. Beth Israel Deaconess Med. Ctr., Inc., 898 N.E.2d 529, 537 (Mass. App. Ct. 2009). As stated above, Plaintiff had notice of the insufficient service and stated her intention to perfect service, but then never did. Since January 9, 2020, Plaintiff has not demonstrated that service has been made on Rocco nor has she sought an extension of time within which to serve him. Therefore, Plaintiff has failed to demonstrate good cause for her failure to timely serve this Defendant.

When a plaintiff fails to show good cause for failure to effect service within ninety days, both the state rule, Mass. R. Civ. P. 4(j), and federal rule, Fed R. Civ. P. 4(m), provide for dismissal without prejudice. "Dismissal is mandatory under the state rule," Pantos v. Zarozny, No. 14-P-1789, 2015 WL 3618188, at *2 (Mass. App. Ct. June 11, 2015), whereas the federal equivalent gives a court discretion to "dismiss the action without prejudice . . . or order that service be made within a specified time," Fed. R. Civ. P. 4(m). Under the Federal Rules, where a plaintiff has failed to effectuate service, "federal courts have broad discretion to dismiss the action or to retain the case but quash the service that has been made on the defendant." CCP Int'l Shipping v. Bankers Ins. Co., No. 18-cv-12626, 2019 WL 1745671, at *4 (D. Mass. Apr. 18, 2019) (quoting 5B Charles Alan Wright & Arthur R. Miller et al., Federal Practice and Procedure § 1354 (3d ed. 2018)). Ordinarily, dismissal for failure to meet the service of process requirements is disfavored where the failure to serve the defendants is curable. See Danastorg,

2016 WL 7851407, at *3 (citing Torres v. Junto De Gobierno De Servicio De Emergencia, 91 F. Supp. 3d 243, 248 (D.P.R. 2015)).  However, Plaintiff's failure to perfect service is no longer curable because "[m]ore than 90 days have passed since the filing of the amended complaint," and therefore, "[t]here is not 'a reasonable prospect that service may yet be obtained' within the time period required by Rule 4(m) of the Federal Rules of Civil Procedure."  Aldabe v. Envtl. Servs., Inc., No. 16-cv-11067, 2017 WL 7035658, at *9 (D. Mass. Sept. 20, 2017) (quoting Cutler Assocs., Inc. v. Palace Constr., LLC, 132 F. Supp. 3d 191, 194 (D. Mass. 2015)).  Here, service was insufficient under both state and federal rules as more than ninety days have passed since the amended complaint was filed and service is no longer curable, and good cause has not been shown for Plaintiff's failure to perfect service within the ninety days.

The Court is aware that dismissal could cause Plaintiff's claim as to Rocco to be time-barred by the statute of limitations for tort claims.  See Mass. Gen. Laws ch. 260, § 2A (providing a three-year statute of limitations for tort actions); Hull v. Attleboro Sav. Bank, 596 N.E.2d 358, 363 (Mass. App. Ct. 1992) (holding that a dismissal that would lead to a claim being time-barred does not prevent operation of Mass. R. Civ. P. 4(j)).  The parties are advised, however, that the Massachusetts savings statute "provides that 'if an action duly commenced within the time limit[] in this chapter is dismissed . . . for any matter of form . . . the plaintiff . . . may commence a new action for the same cause within one year after the dismissal . . . of the original action."  Boutiette v. Dickinson, 768 N.E.2d 562, 564 (Mass. App. Ct. 2002) (quoting Mass. Gen. Laws ch. 260, § 32); see also Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 18 (1st Cir. 2004) ("[U]nder Massachusetts law, if an action is duly commenced within the limitations period and then dismissed for 'any matter of form,' the plaintiff is entitled to 'commence a new action for the same cause within one year after the dismissal.'" (quoting Mass. Gen. Laws ch.

260, § 32)); Turpin v. Mori Seiki Co., 56 F. Supp. 2d 121, 128 n.2 (D. Mass. 1999) ("Under Massachusetts law, if the complaint were dismissed for defective service, the [plaintiff] would have one year from the date of dismissal to effect service of process on [defendant]." (citing Mass. Gen. Laws ch. 260, § 32)).

"An action is dismissed for form, as opposed to substance, where it has not been decided on the merits . . . ." Turner v. Hubbard Sys., No. 12-cv-11407, 2016 WL 1046949, at *14 (D. Mass. Mar. 10, 2016), aff'd, 855 F.3d 10 (1st Cir. 2017).[2] "The statute operates to extend the limitations period one year from the date that a timely filed suit is dismissed." Chao v. Balista, 645 F. Supp. 2d 51, 55 (D. Mass. 2009) (emphasis omitted) (citing Mass. Gen. Laws ch. 260, § 32). "The provisions of G. L. c. 260, § 32, are to be construed liberally, in the interest of determining the parties' rights on the merits." Boutiette, 768 N.E.2d at 564. In light of the savings statute and Plaintiff's ability to pursue her claim against Rocco despite dismissal, the Court will dismiss Plaintiff's claims against Rocco for failure to effect service without prejudice.

---

[2] "[A] touchstone for what constitutes dismissal for reasons of matter of form is whether, within the original statute of limitations period, the defendant had actual notice that a court action had been initiated." Hallisey v. Bearse, 805 N.E.2d 515, 516 (Mass. App. Ct. 2004) (quoting Liberace v. Conway, 574 N.E.2d 1010 (Mass. App. Ct. 1991)). Rocco's motion to dismiss is evidence of actual notice, therefore the insufficiency of service at issue here goes to form rather than substance. Cf. id. (stating that failure to provide a defendant with notice is a matter of substance rather than form).

11

### III.     CONCLUSION

Accordingly, the motion to dismiss, [ECF No. 16], is <u>GRANTED</u> in part and <u>DENIED</u> in part.  Rocco's motion for failure to state a claim under Rule 12(b)(6) is <u>DENIED</u> and his motion for improper service under Rule 12(b)(5) is <u>GRANTED</u>.  The Amended Complaint is dismissed without prejudice as to Plaintiff's claims against Rocco.

**SO ORDERED.**

June 22, 2020                                                                                          <u>/s/ Allison D. Burroughs</u>
                                                                                                         ALLISON D. BURROUGHS
                                                                                                         U.S. DISTRICT JUDGE